I respectfully dissent. The plaintiff presented a prima facie case of fraud by misrepresentation. Justice Maddox says that the evidence showed that the plaintiff did not detrimentally rely upon the statement by Liberty National's claims representative. I disagree.
To prove a claim of fraud by misrepresentation, a plaintiff must show that the defendant made a misrepresentation of a material fact and that the plaintiff justifiably relied on that misrepresentation to his or her detriment.
Liberty National argues that the plaintiff in this case did not rely on its statement because, it says, he did not accept Liberty National's statement as true, as evidenced by the plaintiff's request for a copy of the "new law." Four Justices agree. Their opinion asserts that no evidence demonstrated that the plaintiff relied upon Liberty National's statement. Even if the plaintiff did rely on the statement, according to Justice Maddox's opinion he did not act upon his reliance. I disagree.
On October 12, 1993, Liberty National sent a check for $723.44 to the plaintiff, attaching a letter that read in pertinent part: "This service [radiation treatment] was covered by Medicare and this provider has agreed that the actual charges will not exceed the amount approved by Medicare." In substance, this letter from Liberty National informed the plaintiff that $723.44, the amount of the check, was the full and final amount Liberty National would pay him on his $2,000 radiation bill. The plaintiff accepted this letter as the truth. Therefore, acting in reliance on Liberty National's statement in the letter, the plaintiff cashed the $723.44 check. These facts reasonably support a finding of detrimental reliance by the plaintiff, thereby establishing a prima facie case of fraud.
Justice Maddox relies on Smith v. J.H. Berry Realty Co.,528 So.2d 314 (Ala. 1988), in which we held that "[t]o claim reliance upon a misrepresentation, the allegedly deceived party must have believed it to be true." Id. at 316. However, Smith
is easily distinguishable from the instant case. In Smith, the plaintiff sued a realty company for fraud after being wrongly told by an agent that the house he was about to purchase was in compliance with zoning regulations. Id. at 314. Wishing to satisfy his own mind before he purchased the house, the plaintiff extensively investigated the zoning guidelines and asked to see the building code. Id. at 315. After purchasing the house, the plaintiff was told that the house did not comply with zoning regulations. Id. at 316. The plaintiff then sued, alleging fraud. We held that the evidence showed that the plaintiff had not relied on the statement regarding the zoning regulations as being the truth, because it showed that he extensively investigated the regulations before he purchased the home. Id. at 316. Obviously, the plaintiff in Smith was apprehensive before he purchased the house, even after he was told by the building inspector and the realty agent that the house was in compliance. Therefore, he investigated the regulations before purchasing; the evidence showed that he did not rely on the realtor's statement.
However, unlike the plaintiff in Smith, the plaintiff in the instant case requested a copy of the "new law" after Liberty National's agent made the statement and after he had cashed the check in reliance on this statement. The plaintiff inquired into the "new law" so that he could protest changes in the Medicare law by writing his representative in Congress. (R.T. 471-72.) The plaintiff testified, "That new law really blew my mind. . . ." (R.T. 459.) He continued by stating, "It concerned me greatly sir, that this new law had — as it had been told to me, had been passed and it was going to affect benefits of me as an elderly person." (R.T. 518.) It was not that the plaintiff did not rely upon Liberty National's statement to his detriment; he did. The evidence indicates that the plaintiff simply sought to obtain from Liberty National information about this law so that he could express his dissatisfaction.
Because I find substantial evidence from which the jury could have properly found that the plaintiff detrimentally relied on Liberty National's representation, I do not reach *Page 145 
a judgment as to other issues raised in the defendant's briefs.